# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MEISHA JACKSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:17-cv-01413-JAR |
| | ) |
| | ) |
| BAYER HEALTHCARE | ) |
| PHARMACEUTICALS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER OF REMAND

This matter is before the Court on Defendant Bayer Healthcare Pharmaceuticals, Inc.'s ("Bayer") Motion to Stay (Doc. 3); Motion to Dismiss Out-of-State Plaintiffs (Doc. 11); Motion for Oral Argument on Defendant's Motion to Stay (Doc. 30); and Plaintiffs' Motion to Remand (Doc. 14). For the following reasons, the Court will grant Plaintiffs' Motion to Remand, deny Bayer's Motion for Oral Argument, and deny all other pending motions without prejudice.

## Background

On September 6, 2013, seventy-five Plaintiffs filed this action in the City of St. Louis Circuit Court, naming as defendants Bayer, Bayer Pharma AG, and Bayer Oy ("collectively, "Defendants") (Doc. 6). In their original petition, Plaintiffs alleged several state law claims against Defendants arising out of the design, development, manufacture, testing, packaging, promotion, marketing, distribution, labeling, and sale of the Mirena intrauterine contraceptive device ("Mirena device") (Doc. 6). Notably, Bayer is a corporation organized under the laws of Delaware with a principal place of business in New Jersey; and Lori Nappi, a citizen of New Jersey, and Tiffany Lloyd, a citizen of Delaware, were identified as plaintiffs in the original

1

petition (Id. at ¶¶ 5, 22). As such, Nappi and Lloyd were so-called "removal spoilers" or "diversity destroyers" because their presence in the case destroyed the otherwise complete diversity between the parties. See 28 U.S.C. § 1332(a).

On September 4, 2014, Bayer removed the action to this Court ("first removal"), arguing that Nappi and Lloyd had been fraudulently joined because their claims were time-barred and alternatively, that they had been fraudulently misjoined to thwart removal of the case to federal court (Doc. 1 in Jackson v. Bayer HealthCare Pharms., Inc., No. 4:14-cv-01520-RWS (E.D. Mo.) ("Jackson I")). On September 11, 2014, this Court remanded this case back to the state court, concluding that Bayer's statute of limitations defense was not apparent from the face of the original petition, and rejecting Bayer's fraudulent misjoinder argument because the seventy-five Plaintiffs' claims were sufficiently related to support joinder (Doc. 14 in Johnson I).

On April 21, 2017, with the state court's leave, Plaintiffs amended their petition to add twenty-three additional out-of-state Plaintiffs (Doc. 7). As relevant, none of the new Plaintiffs are citizens of New Jersey or Delaware. Plaintiffs now total ninety-eight unrelated individuals who are citizens of Missouri, New Jersey, Pennsylvania, Ohio, California, Georgia, Oregon, Mississippi, Wisconsin, Iowa, North Carolina, Illinois, Washington, Arkansas, Kentucky, Delaware, California, Maryland, Utah, Louisiana, South Carolina, Virginia, New Mexico, Nebraska, Oklahoma, Colorado, Florida, New York, Minnesota, Tennessee, Connecticut, New Hampshire, Michigan, Indiana, West Virginia, and Texas (Id. at ¶¶ 4-101). In their amended petition, Plaintiffs allege the same state law claims against Defendants arising out of the design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling, and sale of Mirena devices. Each Plaintiff alleges that she had a Mirena device implanted by her physician and developed serious and/or permanent adverse effects as a result (Id. at ¶¶ 1, 4-101).

On May 1, 2017, Bayer again removed this case to this Court ("second removal") (Doc. 1). In its second notice of removal, Bayer asserts (1) that the Court has diversity jurisdiction over this matter, see 28 U.S.C. §§ 1332(a) (diversity jurisdiction), 1446 (removal of civil actions); (2) that the Court has jurisdiction under the Class Action Fairness Act ("CAFA"), see 28 U.S.C. §§ 1332(d) (class action jurisdiction), 1453(a) (removal of class actions); and (3) that its second notice of removal is timely because it was filed within thirty days of April 21, 2017, when Plaintiffs amended their petition (Id.).

The parties, however, are still not diverse. Bayer is still a corporation organized under the laws of Delaware with a principal place of business in New Jersey, Lloyd is still a plaintiff and a citizen of Delaware, and Nappi remains a plaintiff and a citizen of New Jersey (Docs. 7 at ¶¶ 5, 22, 102; 12 at 4). Despite the lack of complete diversity on the face of the petition, Bayer has moved to dismiss the claims of all the non-Missouri plaintiffs for lack of personal jurisdiction, arguing that the Court should address the issue of personal jurisdiction before it reaches the issue of subject matter jurisdiction (Docs. 11-12). In Bayer's view, each Plaintiff must establish that the Court has personal jurisdiction over her individual claim, and the Court lacks personal jurisdiction over any of the non-Missouri Plaintiffs' individual claims, including those of Nappi and Lloyd (Doc. 12 at 6-9). Bayer does not dispute that the Court has personal jurisdiction with regard to the Missouri Plaintiffs' claims (Id. at 6-9; Doc. 22 at 5-6). According to Bayer, once the Court dismisses the non-Missouri plaintiffs for lack of personal jurisdiction, it will have diversity jurisdiction over the remaining parties, who will then be completely diverse (Doc. 12 at 2; Doc. 22 at 8).

Moreover, Bayer argues that Plaintiffs' claims are misjoined because each of their ninety-eight claims will require a plaintiff-specific inquiry given that each Plaintiff had her Mirena IUD

3

placed by a different physician at a different time (Doc. 1 at 20; 22 at 11). Finally, Bayer contends that the Court has CAFA jurisdiction because Plaintiffs' counsel has filed nearly identical petitions on behalf of a total of more than 100 plaintiffs in this district (Docs. 1 at 21-28; 22 at 14-15).

Plaintiffs move to remand the case back to the state court (Docs. 14-15). First, Plaintiffs argue that Bayer's removal is untimely under 28 U.S.C. § 1446(b) because it did not file its second notice of removal within thirty days after it was served with the original petition and because it was not filed within one year after the action was initially filed in the state court as required by 28 U.S.C. § 1446(c)(1) (a case may not be removed on the basis of diversity jurisdiction more than one year after commencement of the action) (Doc. 15 at 5-6 & n.3). Second, Plaintiffs argue that the Court should decide the issue of subject matter jurisdiction before reaching the issue of personal jurisdiction (Id. at 6-9). Third, they contend that Bayer has not invoked the Court's CAFA jurisdiction because there are fewer than 100 plaintiffs and they have not requested a joint trial with plaintiffs in other Mirena cases filed in this district (Id. at 10-14). Fourth, Plaintiffs argue that Bayer's reliance on fraudulent misjoinder to avoid remand is misplaced because Bayer cannot show that Plaintiffs had no reasonable procedural basis to join all ninety-eight Plaintiffs in one action (Id. at 17-19). Finally, they contend that Bayer is subject to personal jurisdiction in Missouri (Id. at 20).

Bayer opposes remand, urging the Court to reach the issue of personal jurisdiction before it addresses the issue of subject matter jurisdiction. According to Bayer, the parties will be completely diverse—and the Court will have subject matter jurisdiction—once the Court dismisses or remands all the non-Missouri plaintiffs' claims, including those of Nappi and Lloyd, over which it believes the Court lacks personal jurisdiction. (Doc. 22 at 5-15).

Bayer further argues that this second removal was timely because it filed its second notice of removal within thirty days of the date Plaintiffs amended their petition to join the twenty-three new plaintiffs (Id. at 15-16). According to Bayer, Plaintiffs' April 21, 2017 amended petition was the first "amended pleading, motion, order, or other paper" from which it could ascertain that the case had become removable, and the amendment thus triggered a new 30-day removal window pursuant to 28 U.S.C. § 1446(b)(3) (Doc. 1 at 5). Bayer notes that it could not have removed the twenty-three new Plaintiffs' claims within thirty days of being served the original petition, as they had not yet been made parties (Doc. 22 at 15-16 & n.7). Also, Bayer contends that § 1446(c)(1)'s one-year bar on removals based on diversity jurisdiction does not apply to this case because Plaintiffs have attempted to manipulate the forum and avoid removal of their claims to federal court (Id. at 15-16). In Bayer's view, by amending their petition, Plaintiffs effectively created an entirely new lawsuit which restarted the one-year removal window for purposes of § 1446(c)(1) (Id. at 16 n.8). Alternatively, Bayer argues that Plaintiffs acted in bad faith to prevent removal, as follows:

> 23 individuals intervened in a lawsuit filed by 75 improperly joined individuals. All 23 of these individuals are diverse from Defendants, and none of them shares any connection to the State of Missouri. None of the 23 individuals alleged they used [the Mirena device] in Missouri, or were injured in Missouri. It would be inequitable to deprive Bayer of its right to remove claims on diversity grounds. And it would be wrong to deny the right to removal simply because these 23 strangers [were] allowed to join an existing case.
>
> The joining of these new unrelated parties is a clear pleading manipulation to avoid federal diversity and removal of their claims. Because Bayer could have removed these new Plaintiffs/intervenors to federal court had they filed their own lawsuit, the one-year bar to removal should be equitably tolled due to Plaintiffs' "bad faith" actions in attempting to manipulate the forum.

(Id. at 17).

In reply, Plaintiffs reiterate their arguments in favor of remand based on lack of subject matter jurisdiction (Doc. 28). They also emphasize that Bayer's second notice of removal was untimely because it was filed more than thirty days after the original petition, which identified Nappi, Lloyd, and their respective states of citizenship.

**Discussion**

Federal courts must "resolve all doubts about federal jurisdiction in favor of remand" and are to strictly construe the removal statute, including its time limits for removal. Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 968 (8th Cir. 2007). As the party seeking removal, Bayer bears the burden of establishing this Court's jurisdiction. Bowler v. Alliedbarton Sec. Servs., LLC, 123 F. Supp. 3d 1152, 1155 (E.D. Mo. 2015). The Court will remand this case back to the Circuit Court for the City of St. Louis because Bayer's second notice of removal was untimely.

A. The Thirty-Day Removal Window in 28 U.S.C. § 1446

First, Bayer's removal is untimely because it was filed more than thirty days after Bayer received a copy of the original petition. To remove a civil action from a state court, a defendant must file a notice of removal in the appropriate district court:

> within 30 days after the receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(a)-(b). However, § 1446(b)(3) further provides:

> If the case stated by a plaintiff's initial complaint is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

The Court is not persuaded by Bayer's argument that Plaintiffs' amended petition was the first "amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable" such that a new thirty-day window for removal was triggered under § 1446(b)(3). More specifically, Lloyd and Nappi were named in the original petition, there is no indication they were ever dismissed from the case after this Court first remanded this case, and they are again named in the amended petition. As such, the diversity destroying plaintiffs have been parties to this action since its inception, and the alleged removability of this case is no more ascertainable from the amended petition than it was from the original petition. The parties were not completely diverse from the face of the original petition, and the parties also are not completely diverse from the face of the amended petition. Other than the addition of twenty-three diverse plaintiffs, the amended petition changed nothing with regard to whether this Court has subject matter jurisdiction over this case. In short, the Court did not have jurisdiction when this case was first removed based on the original petition, and the amended petition provides no new, previously unascertainable basis for the Court's jurisdiction. Plaintiffs' amendment of their petition thus did not trigger a new thirty-day window under § 1446(b)(3), as the Court's jurisdiction was not first ascertainable from the amended petition. Therefore, Bayer's removal is untimely because it was not filed within thirty days of its receipt of the original petition.

B. <u>The One-Year Bar on Removals Based on Diversity</u>

The Court further concludes that Bayer's second notice of removal is also untimely because it was filed more than one year after Plaintiffs initiated their action in the state court, and Bayer has not shown that Plaintiffs acted in bad faith to prevent it from removing the action. "A case may not be removed under [§ 1446(b)(3)] on the basis of [diversity] jurisdiction more than 1

year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

Initially, the Court notes that, despite Bayer's argument to the contrary, the one-year time limit for removal based on diversity jurisdiction started when Plaintiffs commenced this action by filing their original petition in the state court, not when they filed their amended petition. See 28 U.S.C. § 1446(c)(1) (the one-year window for removal based on diversity jurisdiction runs from the "commencement of the action"). Accordingly, the remaining issue is whether Plaintiffs acted in bad faith to prevent Bayer from removing the case before § 1446(c)(1)'s one-year limit for removal of diversity actions expired, i.e., that they acted in bad faith to prevent Bayer from removing this action before September 8, 2014.

The Court concludes that Bayer has failed to establish that Plaintiffs acted in bad faith to prevent it from removing this action to federal court. First, there is no indication that Lloyd and Nappi, the removal-spoiling plaintiffs in this case, have not been actively litigating their claims against Bayer. Cf. Aguayo v. AMCO Ins. Co., 59 F. Supp. 3d 1225, 1262 (D.N.M. 2014) (plaintiff who actively litigates against removal-spoiling defendant is entitled to presumption of good faith). Rather, as noted above, Lloyd and Nappi were parties to the original petition, there is no evidence they did not actively participate in the state court proceedings after this case was remanded the first time, and they remain as plaintiffs in the amended petition.

In addition, Bayer has not pointed to any evidence that Plaintiffs acted solely for the purpose of preventing it from removing this case to federal court before September 8, 2014, or one year after the initial petition was filed in the state court. Aguayo, 59 F. Supp. 3d at 1274-75. Rather, Bayer argues that the joinder of the twenty-three new Plaintiffs is "a clear pleading manipulation to avoid federal diversity and removal of their claims." The Court is not persuaded

8

that the amendment was a pleading manipulation to avoid removal. This action was not removable given the lack of diversity on the face of the original petition, and the joinder of the twenty-three new Plaintiffs did nothing to alter the extent to which the parties are diverse.[1] In other words, given the lack of complete diversity on the face of both the original petition and the amended petition, the fact that the one-year removal period expired before the petition was amended was of no benefit to Plaintiffs, as the amendment did not affect the diversity of the parties, and thus had no influence on the removability of this case. See Heacock v. Rolling Frito-Lay Sales, LP, No. C16-0829-JCC, 2016 WL 4009849, at *3 (W.D. Wash. July 27, 2016) (citing Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 999 (9th Cir. 2007)) ("While § 1446(c)(1) prevents a plaintiff from acting in bad faith to avoid federal jurisdiction, the plaintiff is the master of the complaint, and can plead her cause of action to avoid federal jurisdiction."). As such, the Court is not persuaded that the recent amendment of the petition to add the twenty-three new out-of-state Plaintiffs evidences any bad faith on Plaintiffs' part to prevent Bayer's timely removal of this action.

The Court agrees with Bayer that it likely could have removed a new case had one been brought only by the twenty-three new Plaintiffs, as none of them share citizenship with any of the defendants. However, that is not what happened is this case. Rather, the twenty-three new Plaintiffs joined this existing action which already included two diversity-destroying plaintiffs. As such, this action is not, nor has it ever been, removable on the basis of diversity jurisdiction, and Bayer cannot remove the individual claims of the twenty-three new plaintiffs. See 28 U.S.C.

---

[1] In contrast, the Court notes that a plaintiff's voluntary dismissal of all diversity-destroying defendants (leaving the parties completely diverse) shortly after expiration of the one-year removal window can be evidence of bad-faith conduct for the purpose of preventing timely removal to federal court, especially where the plaintiff has failed to actively litigate any claims against the defendants. See Heacock v. Rolling Frito-Lay Sales, LP, No. C16-0829-JCC, 2016 WL 4009849, at *3 (W.D. Wash. July 27, 2016) (collecting cases).

§§ 1441 (permitting removal of a "civil action"), 1446 (procedures for removal of "civil actions"). The Court further disagrees with Bayer's contention that Plaintiffs' amendment of their petition essentially created an entirely new lawsuit, restarting § 1446(c)(1)'s one-year removal window. See Mo. R. Civ. P. 53.01 (a civil action is commenced by filing a petition with the court); cf. Lindsey v. Dillard's, Inc., 306 F.3d 596, 597-98, 600 (8th Cir. 2002) (running § 1446(c)(1)'s one-year removal period from the date the plaintiff commenced her action in state court even though she later amended her complaint to assert an additional claim).

In short, Bayer's removal of this action was untimely.[2] Therefore, this Court will remand the case back to the Circuit Court for the City of St. Louis. The Court notes that the parties will have a full and fair opportunity to present their arguments on the issue of whether Missouri courts can exercise personal jurisdiction over the out-of-state Plaintiffs to the state court. See Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cty., Case No. 16-466, 2017 WL 2621322 (U.S. June 19, 2017) (slip opinion).

**Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (Doc. 14) is **GRANTED**.

---

[2] Although the parties have not addressed the issue, the Court notes that § 1446(c)(1)'s one-year removal period does not apply to actions removed to federal court based on CAFA jurisdiction. Reece v. Bank of New York Mellon, 760 F.3d 771, 775-76 (8th Cir. 2014). However, this action does not invoke the Court's CAFA jurisdiction, as it involves fewer than 100 plaintiffs and nothing in the record suggests that they have attempted to consolidate this case with any other Mirena case. See 28 U.S.C. § 1332(d)(11)(B)(i) (granting federal courts CAFA jurisdiction over certain civil actions "in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact"); Atwell v. Boston Scientific Corp., 740 F.3d 1160, 1162-63 (8th Cir. 2013) (recognizing that "state court plaintiffs with common claims against a common defendant may bring separate cases with fewer than 100 plaintiffs each to avoid federal jurisdiction under CAFA" unless "plaintiffs proposed to try their separate cases jointly").

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of the City of St. Louis under 28 U.S.C. § 1447(c). The Clerk of Court is directed to mail to the clerk of the Circuit Court for the City of St. Louis a certified copy of this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendants' Motion for Oral Argument on Defendant's Motion to Stay (Doc. 30) is **DENIED**.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED without prejudice as moot.**

Dated this 22nd day of June, 2017.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**